<div style="border:1px solid">

**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

</div>

**UNITED STATES OF AMERICA,**
**(Rural Development, formerly known**
**as the Farmers Home Administration),**

          **Plaintiff,**

      **v.**

**MARILYN JOHNSON a.k.a. MARILYN**
**V. MARTIN and SYLVIA MARTIN**
**SOLIS, Devisees and Heirs at Law**
**of LOUISA ACOSTA SOLIS, deceased,**

          **Defendant.**

      **1:18-cv-00016-EAH**

---

**TO:**      **Angela Tyson-Floyd, Esq., AUSA**
           **Marilyn Johnson,** *Pro Se*
           **Sylvia Solis,** *Pro Se*

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on an unopposed "Motion for Summary Judgment against Defendants," filed by the Plaintiff, United States of America (Rural Development) (the "United States") against Defendants Marilyn Johnson a/k/a Marilyn V. Martin and Sylvia Martin Solis ("Defendants"), on August 25, 2023. Dkt. No. 93. The parties have consented to the jurisdiction of the undersigned to conduct all proceedings and order the entry of a final judgment. Dkt. Nos. 31, 96. For the reasons that follow, the Court will grant the United States's motion and enter judgment in its favor.

## BACKGROUND

On June 7, 2018, the United States filed this debt and foreclosure complaint against Marilyn Johnson, Sylvia Martin Solis, and Wilmot Martin Solis, heirs at law of Louisa Acosta Solis, deceased, and the unknown heirs, devisees, grantees, assignees, lienors, creditors,

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 2

trustees, or other claimants by, through, under or against Louisa Acosta Solis, deceased, and

all parties having a claim, right, title or interest in the property herein. Dkt. No. 1. Both

Defendants Marilyn V. Martin and Sylvia Martin Solis were surviving heirs of Louisa Acosta

Solis, the Borrower, and lived on St. Croix; Defendant Wilmot Martin Solis was also a

surviving heir but his whereabouts were unknown, as were the whereabouts of other

potential Defendant heirs. *Id.* ¶¶ 4-7.

The complaint provides that on September 15, 1982, the Borrower executed a

promissory note promising to pay the United States $42,000.00, plus interest at a 13.50%

per annum rate, starting in October 1982. *Id.* ¶ 8. As security for the Note, the Borrower

executed a mortgage encumbering the following property on St. Croix (the "Property"):

> Plot No. 60 of Subdivision of Parcels 6 and 7a, Estate Humbug, Queen Quarter, St.
> Croix, Virgin Islands, consisting of 0.29 U.S. acre, more or less, all as more fully
> shown in PWD Drawing No. 2529 dated June 14, 1968 as revised June 27, 1969
> and January 23, 1976.

*Id.* ¶ 9. In September 1982, Borrower entered into a Subsidy Repayment Agreement with the

United States, providing that the United States would recapture interest credits granted to

Borrower upon foreclosure of the mortgage. *Id.* ¶ 10. In April 1990, Borrower and the United

States entered into a Reamortization Agreement providing that a $401.00 payment would be

due on May 15, 1990, with monthly installments due on the 15th of each month until the final

payment was made on September 15, 2015. *Id.* ¶ 11. In October 1994, Borrower and the

United States entered into a second Reamortization Agreement, providing that a $427.00

payment was due on November 15, 1994, with monthly payments in that amount due on the

15th of each subsequent month, with a final installment due and payable on September 15, 2015. *Id.* ¶ 12.

On February 2, 1984, Borrower executed a second Note in which she promised to pay the United States $5,000.00 plus interest at 11.875% in monthly installments and executed a second mortgage encumbering the Property. *Id.* ¶ 14. In April 1990, Borrower and the United States entered into a Reamortization Agreement on the second note, and in October 1994, Borrower and the Government entered into a second Reamortization Agreement on the second note, providing that a $46.00 payment was due on November 15, 1994 with monthly installments in that amount due on the 15th of each month with the final installment due on February 2, 2017 if not earlier. *Id.* ¶¶ 15, 16.

On June 22, 1988, the Borrower executed a third Note in which she promised to pay the United States $2,500.00 plus interest at 9% in monthly installments and executed a third mortgage encumbering the Property. *Id.* ¶¶ 17, 18. In April 1990, Borrower and the United States entered into a Reamortization Agreement on the third note, and in October 1994, Borrower and the Government entered into a second Reamortization Agreement on the third note, providing that a $21.00 payment was due on November 15, 1994 with monthly installments in that amount due on the 15th of each month with the final installment due on June 22, 2021 if not earlier. *Id.* ¶¶ 19, 20.

The Borrower died intestate in September 2015; at the time the complaint was filed, no probate proceeding had been initiated in the Superior Court of the Virgin Islands. *Id.* ¶ 21. Title in the Property was in the name of the Borrower at the time of her death. *Id.* ¶ 22. The

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 4

Complaint provided that the individual Defendants may have an interest in the Property as surviving heirs of the Borrower that is inferior to that of the United States, which owns and holds the three notes, mortgages, and reamortization agreements. *Id.* ¶¶ 23, 24. None of the Defendants had assumed Borrower's debt. *Id.* ¶ 25. All of the notes, mortgages, and reamortization agreements were in default since no one had paid the monthly installment due on May 15, 2012 or thereafter; the Government declared the entire amount of the indebtedness due and demanded payment; and Defendants have failed to cure the default or pay the principal and interest. *Id.* ¶¶ 27, 28. The United States attached copies of the mortgages, notes, reamortization agreements, acceleration notice, and demand letters to the complaint.

The amounts due were as follows:

1.  Note 1: $13,463.75 in principal; $9,337.03 in interest (from July 13, 2012 to September 1, 2017); subsidy recapture of $3,187.52; interest on assessed fees of $7,306.52; escrow fees for taxes, insurance, and title search of $17,049.89, for a total indebtedness on the first note of $57,562.62. Interest accrues at $4.9797 per diem on principal and at $6.3061 per diem on assessed fees until the date of judgment. Thereafter, interest will accrue at the legal rate pursuant to 28 U.S.C. § 1961. *Id.* ¶ 29.

2.  Note 2: $4,400.08 in principal; $2,054.58 in interest (from July 13, 2012 to September 1, 2017), for a total indebtedness of $5,354.66. Interest accrues at

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 5

$1.0736 per diem on principal. Thereafter, interest will accrue at the legal rate pursuant to 28 U.S.C. § 1961. Id.

3. <u>Note 3</u>: $1,274.16 in principal; $589.08 in interest (from July 13, 2012 to September 1, 2017), for a total indebtedness of $1,863.24. Interest accrues at $1,0736 per diem on principal. Thereafter, interest will accrue at the legal rate pursuant to 28 U.S.C. § 1961. Id. ¶ 29.

The total indebtedness to the United States was $64,780.52 on all three notes at the point the complaint was filed. *Id.*

The United States sought a Judgment declaring, inter alia, that the notes, reamortization agreements, and mortgages were in default, that the it be awarded all amounts due, that the mortgages be foreclosed, the Property sold, and that it be paid from the proceeds, and judgment declaring the priority of liens against the Property. *Id.* at 9-10.

In October 2018, the United States moved for entry of default against Marilyn Martin and Sylvia Solis, which the Clerk of Court granted in November 2018. Dkt. Nos. 7, 8.

In February 2019, the United States moved to amend the Complaint to remove Wilmot Martin Solis as a Defendant and allegations pertaining to him,[1] and to include the alias of Marilyn V. Martin, identified in documents as Marilyn Johnson. Dkt. No. 9. The Court

---

[1] The Government explained that the Borrower had executed a will in December 2007 leaving the Property to Marilyn Johnson a/k/a Marilyn V. Martin and Sylvia Martin Solis, who were the only proper Defendants to this action. Dkt. No. 9.

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 6

granted the motion, Dkt. No. 10, and the Government filed the Amended Complaint with these changes in February 2019. Dkt. No. 11.

In May 2019, Defendants Johnson and Solis, appearing pro se, filed an answer. Dkt. No. 12. They requested that the matter be stayed until the conclusion of the probate of the Estate of Louisa Solis (the Borrower). *Id.* The Court issued an Initial Conference Order Dkt. No. 13, and held three status conferences in 2019 and early 2020. In January 2020, the parties consented to jurisdiction of this matter by the Magistrate Judge. Dkt. No. 28.

In March 2020, the United States filed a motion to stay proceedings for 60 days, due to suspension of foreclosures against borrowers with USDA single-family housing direct loans. Dkt. No. 34. The Court granted the motion. Dkt. No. 35. Thereafter, the United States moved six more times to extend the stay until the stay was lifted in September 2021. Dkt. No. 53. However, in February 2022, the United States moved again for a stay. Dkt. No. 61. It stated that the parties were unable to finalize a settlement because Defendant Marilyn Martin's assumption application had not been completed. *Id.* The Court eventually held a status conference on January 10, 2023, discussing with the parties possible options to resolve the case without foreclosure; the Court extended the stay until April 2023. Dkt. No. 73. In April, the Court again extended the stay through July 10, 2023, providing the parties a "final opportunity" to resolve the debt owed on the Property. Dkt. No. 83. If the parties were not successful, the Court set a timeline for the United States to file a dispositive motion. *Id.*

In July 2023, the United States filed a status report, informing the Court that it had provided the Defendants all options to resolve the litigation and could do no more, and asked

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 7

for an August 28, 2023 deadline to file a dispositive motion. Dkt. No. 88. The Court terminated the stay and set dispositive motion deadlines for the parties. Dkt. No. 89.

The United States timely filed its motion for summary judgment. Dkt. Nos. 93-95. In its Memorandum, the Government argued that the Defendants failed to pay the outstanding mortgages on their mothers' house, which they had agreed to assume as the sole devisees and legates of their late mother's estate. Dkt. No. 95 at 1. The United States satisfied all conditions precedent to foreclosure on the three mortgages in this case, and its liens were superior to Defendants' interests and any interests of their mother's heirs. *Id.* Given that this lawsuit was filed almost five years ago, the United States afforded the Defendants ample time to pay off the delinquent mortgages. However, they were unable to secure financing, and the mortgages have been in default since 2012. The mortgages have matured, and the debt on the Property remains unpaid while interest accrues daily. *Id.*

In its Statement of Undisputed Facts, the United States reprised the Borrower's history of entering into the three notes, the three mortgages, the Subsidy Repayment Agreement, and the Reamortization Agreements, spanning from September 15, 1982 through October 15, 1994. Dkt. No. 95 at 1-4. The Borrower died testate on September 26, 2015, devising to the Defendants all of her right, title and interest in the Property. *Id*. at 4. In May 2020, the Defendants filed a petition in Superior Court to probate the estate of their mother, the Borrower. *Id*. at 5. That court determined that the only real property of the Estate consisted of the Property, and that it was encumbered by three mortgages in favor of the Government. *Id.* The Defendants were adjudged as sole legatees and placed in full possession

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 8

of the Property. Pursuant to a Partial Adjudication and Decree of Distribution, Defendants agreed to be responsible for the debts of their late mother, including the debts owed on the three mortgages. *Id.* The interest of Defendants in the Property was inferior and subordinate to that of the United States, which presently owns and hold the three notes, the three mortgages, and the reamortization agreements. *Id.* All three instruments were in default because no one paid the monthly installment due on May 15, 2012 and subsequent installments.

As of August 31, 2023, Defendants were indebted to the United States as follows:

1. Note 1: principal of $13,463.76; interest (7/13/12 to 8/31/23) of $20,237.69; subsidy recapture of $421.71; interest on fees of $26,682.39; escrow fees of $30,803.26. Total indebtedness of $91,608.81, with interest at $4.9797 per diem on principal and $10.7193 on assessed fees until the date of judgment, and interest at the legal rate pursuant to 28 U.S.C. § 1961 thereafter.

2. Note 2: principal of $3,300.08; interest (7/13/12 to 8/31/23) of $4,404.81. Total indebtedness of $7,704.89, with interest at $1.0736 per diem on principal until the date of judgment, and interest at the legal rate thereafter.

3. Note 3: principal of $1,274.16; interest (7/13/12 to 8/31/23) of $1,276.81.[2] Total indebtedness of $2,550.97, with interest at $0.3141 per diem on principal until the date of judgment, and interest at the legal rate thereafter.

---

[2] The Statement of Undisputed Facts listed unpaid interest on the third note as $1,274.16, the same figure as the principal balance. Dkt. No. 94 at 7. The Certificate of Indebtedness that

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 9

Dkt. No. 95 at 5. The total amount owed to the United States on the three notes was

$101,864.67. *Id.* at 7. The United States adds that it has incurred and will incur attorney's

fees and costs and anticipates that it will also incur cost of publication related to collection

on the notes. *Id.* at 8.

The Defendants did not file an opposition by the deadline set forth in the Scheduling

Order or seek an extension of time to do so. The United States's motion is unopposed.

**DISCUSSION**

**I.  APPLICABLE LEGAL PRINCIPLES**

**A.  Summary Judgment**

To prevail on a motion for summary judgment, a movant must show that there is "no

genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is

"entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Goldenstein v. Repossessors Inc.*,

815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The moving party bears the initial burden of demonstrating the absence of any genuine issue

of material fact. *Id.* If the moving party meets its burden, the burden shifts to the nonmoving

party to go beyond the pleadings and "come forward with 'specific facts showing that there

is a *genuine issue for trial*.'" *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). A genuine

---

the Government attached to the Statement of Undisputed Facts showed that that interest
figure in the Statement of Facts was a typo; the correct figure is $1,276.81. Dkt. No. 94-4 at
7.

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 10

issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017).

In reviewing a summary judgment motion, the court is required to view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor," *Curto v. A Country Place Condominium Ass'n., Inc.*, 921 F.3d 405, 409 (3d Cir. 2019) (internal quotation marks omitted). The non-moving party cannot rely merely upon bare assertions, conclusory allegations, or suspicions to avoid summary judgment. *See Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). While pro se litigants are "held to 'less stringent standards' than trained counsel," *Benckini v. Hawk*, 654 F. Supp. 2d 310, 316 n.1 (E.D. Pa. 2009) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)), they still are responsible for pointing to competent evidence in the record that is capable of refuting the opposing party's motion. *Dawson v. Cook*, 238 F. Supp. 3d 712, 717 (E.D. Pa. 2017).

Notwithstanding the Defendants' failure to respond to the United States's Motion for Summary Judgment, the Court may not simply grant the motion because Defendants' failure to respond does not automatically entitle the United States to the relief sought. *Patra v. Pa. State Sys. of Higher Educ.*, 779 F. App'x 105, 108 (3rd Cir. 2019) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 11

and supporting materials—including the facts considered undisputed—show that the movant is entitled to [judgment.]").

## B.      Debt and Foreclosure Actions

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Newrez LLC v. Plaskett*, No. 15-cv-0070, 2023 WL 6390069, at * 5 (D.V.I. Sept. 30, 2023) (internal quotation marks omitted). "To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *Id.* (citing *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 232 (V.I. 2013); 55 Am. Jur. 2d Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract)). Where there is no dispute that the mortgagors have failed to pay their obligations under the mortgage and the recorded mortgage is in a specified amount, summary judgment is appropriate. *Id.*

## II. ANALYSIS

The United States has satisfied all of the requirements necessary to be granted summary judgment in this debt and foreclosure action against the Defendants. First, it has submitted a copy of the warranty deed to the Borrower, Louisa A. Solis, the mother of the two Defendants. Dkt. No. 94-1. It also submitted copies of the three Notes at issue, dated

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 12

September 15, 1982, February 2, 1984, and June 22, 1988, respectively, executed by the

Borrower, Louisa A. Solis, the mother of the two Defendants, Dkt. Nos. 11-1, 11-6, 11-10. The

Borrower promised to pay the United States the principal sum of $42,000.00 with interest at

a rate of 13.5% per annum on Note 1; the principal sum of $5,000.00 with interest at a rate

of 11.875% on Note 2; and the principal sum of $2,500.00 with interest at a rate of 9% on

Note 3, in various monthly installments. The United States also submitted copies of the

Mortgages related to Notes 1, 2, and 3, executed by the Borrower to secure payment on the

Notes. Dkt. Nos. 11-2, 11-7, 11-11. In addition, the United States submitted copies of the

Subsidy Repayment Agreement, Dkt. No. 11-3, and the Reamortization Agreements

associated with the three Notes (two Reamortization Agreements per note) executed by the

Borrower. Dkt. Nos. 11-4, 11-5, 11-8, 11-9, 11-12, 11-13.

Finally, the United States provided copies of the Last Will & Testament of Louisa A.

Solis, the Borrower, Dkt. No. 11-14, her Death Certificate, Dkt. No. 11-15, and a copy of the

Superior Court of the Virgin Islands's Partial Adjudication and Distribution to the

Defendants, showing that the Defendants were recognized as the Borrower's sole legatees

and devisees, were placed in full possession of the Property that was encumbered by three

mortgages held by the United States, and they agreed to assume and pay such debts. Dkt. No.

94-2.

Based on the foregoing, the United States has shown that the Borrower executed the

Notes, Mortgages, Subsidy Repayment Agreement, and the Reamortization Agreements.

Accordingly, because there is no genuine dispute of material fact as to whether the Borrower

*United States v. Johnson*
1:18-cv-00016-EAH
Memorandum Opinion
Page 13

executed these documents, the United States has satisfied the first requirement to succeed

on a debt and foreclosure action.

The United States has also satisfied the second requirement to succeed in such an

action. It provided evidence that the Borrower was in default on the notes and mortgages by

failing to make payments due under those documents, and that it was entitled to foreclose

on the Property. Following default on the loan, the Government sent an acceleration notice

and demand letter dated August 15, 2012 addressed to the Borrower in which the Borrower

was advised that she was in default and was required to pay the past due amount on the

three Notes or all amounts due could be accelerated and the Property sold in foreclosure.

Dkt. No. 11-16. Thus, the evidence shows that the Borrower defaulted on the loans and that

she was so advised.

The United States has satisfied the third requirement for a debt and foreclosure claim.

It has shown that it owns and holds the notes, mortgages, subsidy repayment agreement, and

reamortization agreements, attaching copies its Amended Complaint, Dkt. Nos. 11-1 to 11-

13—and that it is entitled to foreclose on the Property. The first and second mortgages

provide that "should default occur in the performance or discharge of any obligation in this

instrument or secured by this instrument, or should the parties named as Borrower die. . .

the United States, at its option, without or without notice, may: (a) declare the entire amount

unpaid under the note and any indebtedness to the United States hereby secured

immediately due and payable and. . . (c) enforce any and all other rights and remedies

provided herein," and how the proceeds of a foreclosure sale should be applied. Dkt. Nos. 11-

2, ¶¶ 17, 18; 11-7 ¶ 17, 18. The third mortgage added language that, upon default, the United States could "(d) foreclose this instrument as provided herein or by law." Dkt. No. 11-11 ¶ 17.

Finally, the Government has shown with specificity how it calculated the amount due on the account by providing a Declaration by the Area Director of Rural Development who attested to the documents being true and correct copies of the Borrower's records, and updated Certificates of Indebtedness for each of the three notes that set forth, under penalty of perjury, the breakdown of the amounts due on each note. Dkt. Nos. 94-3, 94-4. Based on the Certificates, the Defendants, who assumed the debt on the Property, are indebted to the United States in the total amount of $101,864.67 on all three notes as of August 31, 2023, with the break down in the amounts due set forth above. In addition, the Court has calculated the accrued per diem interest on the three notes from September 1, 2023 to the date of Judgment, January 8, 2024, as follows, which will be added to the total amount due: accrued interest on principal on Note 1: $652.34; accrued interest on fees for Note 1: $1,404.23; accrued interest on principal on Note 2: $140.64; and accrued interest on principal for Note 3: $41.15, for a total amount of prejudgment interest from August 31, 2023 to January 9, 2024 of $2,238.36. Adding this amount to the $101,864.67 amount due results in a total amount due of $104,103.03.

The Court concludes that this evidence is sufficient to shift the burden to the Defendants to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable fact finder could rule in [their] favor" regarding the debt and foreclosure

causes of action. *Hart v. Elec. Arts, Inc.*, 717 F.3d 141,148 (3d Cir. 2015). They have filed no

opposition and thus have not shown that a genuine issue of material fact exists as to the debt

they owe the United States by virtue of assuming that debt from their mother, the Borrower;

that the debt was in default and has not be paid, despite demand; that the United States is

entitled to foreclose on the Property; and that it has shown specified amounts due. As all of

the elements for summary judgment have been met, the Court will grant the United States's

motion.

## CONCLUSION

For the reasons discussed above, the Court will grant the United States's Motion for

Summary Judgmen against Defendants Marilyn Johnson a/k/a Marilyn V. Martin, and Sylvia

Martin Solis. Dkt. No. 93. The Court will award Judgment in favor of the Government in the

amount of $104,103.03. The total indebtedness of $104,103.03 shall accrue interest at the

federal statutory rate, pursuant to 28 U.S.C. § 1961(a), from the day after the entry of

Judgment until the Judgment is satisfied.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

ENTER:

Dated: January 9, 2024                    /s/ Emile A. Henderson III
                                          EMILE A. HENDERSON III
                                          U.S. MAGISTRATE JUDGE